[No. 46547. En Banc. November 8, 1979.]

WILLIAM P. HENRY, SR., *Respondent,* v. ALICE C. THORNE, *Appellant.*

*Grant S. Meiner, Prosecuting Attorney,* for appellant.

*Doherty, Doherty & Ritchie,* by *Craig A. Ritchie,* for respondent.

UTTER, C.J.—This case arises from a purported conflict between provisions of the Washington State Constitution and the Clallam County Home Rule Charter regarding the filling of vacancies in county elective offices.

The Clallam County Sheriff was removed from office on September 14, 1979, pursuant to the Superior Court's judgment of ouster declaring the office vacated as of August 31, 1979. On September 18, 1979, which was also primary election day, respondent William Henry, Sr., submitted to Alice Thorne, the Clallam County Auditor, his declaration of candidacy and filing fee for the vacant office for the November 1979 election. Thorne refused to accept Henry's declaration and fee on the ground that the period for filing declarations of candidacy had closed on August 30 and that, pursuant to the county's home rule charter, an election to fill the vacancy could not be held until November 1980.

Section 7.50 of the Clallam County Home Rule Charter provides in pertinent part:

Vacancies in elective office shall be filled at the next November election, unless the vacancy occurs after the day for filing declarations for candidacy, in which case the vacancy shall be filled at the next succeeding November election.

Henry then sought and was granted a writ of mandate. The trial court found section 7.50 of the home rule charter to be violative of Const. art. 2, § 15 (amendment 52), directing that vacancies occurring in county elective offices shall be filled at the "next general election." The writ of mandate ordered Thorne to open a filing period for candidacy for the sheriff's office and to place the office on the November 6, 1979, election ballot. Thorne sought and was granted a direct, accelerated appeal to this court.

This court entered an order on the day following the hearing, concluding that the office of Sheriff of Clallam County is not subject to election in 1979 and ordering that no election for such office be held until the next regularly scheduled election pursuant to the Clallam County Home Rule Charter. The reasons for the order are set forth in this opinion.

■ The issue presented on appeal is whether or not a county may, pursuant to its home rule charter, provide for greater restrictions on the timing of elections to fill vacancies in county elective offices than those set forth in the state constitution or the general laws of the state. We believe the question is squarely answered by article 11, section 4 (amendment 21) of the state constitution, authorizing counties to adopt home rule charters. The amendment expressly provides that any county adopting a home rule charter is exempt from the uniform election provisions of article 11, section 5 (amendment 57). Clallam County has adopted its own home rule charter and is thus exempt from the uniform election laws enacted by the legislature pursuant to article 11, section 5 (amendment 57).

We have previously decided that Const. art. 11, § 4 (amendment 21) permits a county adopting a home rule charter to provide for the time of election of county officers. *State ex rel. Carroll v. King County*, 78 Wn.2d 452, 474 P.2d 877 (1970).

We are not persuaded by respondent's attempt to distinguish *Carroll*. Respondent argues that the court in *Carroll* was interpreting different constitutional provisions and did

not address the specific questions involved in filling vacancies in elective offices. Respondent maintains that *Carroll* should be read narrowly to answer only the question of whether or not a county home rule charter may provide for election in odd–numbered years. We do not find these differences significant or the distinction convincing.

The underlying rationale of *Carroll* with regard to home rule charters is, however, still good law and controls the case before us. With regard to the scope of the authority conferred upon counties adopting home rule charters, we held:

> [T]he framers of amendment 21 [art. 11, § 4] meant to confer upon counties adopting home rule charters those powers which had theretofore been conferred upon the legislature under Const. art. 11, § 5 [(amendment 57)], including the power to fix the terms of office of county officers, with certain exceptions expressly set forth. . . .
>
> There is a further provision that, should the charter receive the affirmative vote of the majority of electors voting thereon, the legislative authority shall immediately call such special election as may be provided for therein, *if any,* and the county government shall be established *in accordance with the terms of said charter* not more than 6 months after the election at which the charter was adopted. The import of this language is clearly that the voters may adopt such charter provisions as they see fit regarding elections.

*State ex rel. Carroll v. King County, supra* at 456–57.

The amendment providing for county home rule expressed the intent of the people of this state to have "the right to conduct their purely local affairs without supervision by the State, so long as they abided by the provisions of the constitution and did not run counter to considerations of public policy of broad concern, expressed in general laws." *State ex rel. Carroll v. King County, supra* at 457–58. There appears to be no sound reason why the State should have an interest in the timing of elections to fill vacancies in offices that concern only the residents of a county. The constitution does not express any public policy that would require counties to adopt a uniform approach to

filling such vacancies. As we concluded in *Carroll* at page 458: "In amendment 21 to Const. art. 11, § 4, the people . . . manifested an intent to permit themselves flexibility when they gave plenary power, in local matters, to counties adopting home rule charters." Clallam County's plenary power includes the authority to adopt, as part of the home rule charter, provisions for filling vacancies such as the one in question here.

The judgment of the trial court, holding the home rule charter provision unconstitutional, is reversed, the writ of mandate is quashed, and the case is dismissed.

ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, DOLLIVER, HICKS, and WILLIAMS, JJ., and HAMILTON, J. Pro Tem., concur.